# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CYRUS DA BRASWELL,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM LOTHROP, *et al.,*<br><br>        Defendants, | Case No. 3:25-cv-00060-SLG |

## ORDER OF DISMISSAL UPON SCREENING

On March 26, 2025, self-represented litigant Cyrus DA Braswell ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive payment of the filing fee.[1] Plaintiff's claims relate to events that allegedly occurred while he was detained at the Federal Correctional Institution at Edgefield, South Carolina ("FCI Edgefield") in the custody of the Bureau of Prisons ("BOP").[2] Plaintiff is no longer in BOP custody.[3] Plaintiff's Complaint alleges that an unknown BOP employee improperly removed approximately $250,000 from Plaintiff's prisoner trust account sometime between December 24, 2008, and August 24, 2009, and subsequently erased the associated transaction data—including the date and source of the deposit—from Plaintiff's account records in BOP's computer system.[4]

---

[1] Dockets 1-3.

[2] Docket 1.

[3] Docket 1 at 2.

[4] Docket 1 at 4.

Plaintiff claims the U.S. Marshals Service investigated the missing funds.[5] Plaintiff further alleges that on May 6, 2009, the U.S. District Court for the Eastern District of California issued an order directing that the funds be returned to Plaintiff's trust account, but that the funds were never restored.[6] Plaintiff asserts that Warden Janson communicated that no funds were deposited or removed during his time at FCI Edgefield.[7] Plaintiff claims to have filed multiple administrative remedies, all of which were denied.[8] He states that he has suffered psychological stress due to the loss of his money. For relief, Plaintiff seeks return of the missing money and a jury trial to determine an amount of additional monetary damages.[9]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a plausible claim for which relief may be granted.[10] The Court further finds that allowing leave to file an amended complaint would be futile.[11] Therefore, this case must be dismissed with prejudice.

---

[5] Docket 1-1 at 2.

[6] Docket 1-1 at 2.

[7] Docket 1-1 at 2. Plaintiff claims this occurred on June 4, 2003, but the Court assumes this date is incorrect since it occurred before the dates of the alleged events giving rise to Plaintiff's claims.

[8] Docket 1 at 5; Docket 1-1 at 3.

[9] Docket 1 at 5.

[10] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.").

[11] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San*

Case No. 3:25-cv-00060-SLG, *Braswell v. Lothrop, et al.*
Order of Dismissal Upon Screening
Page 2 of 8
Case 3:25-cv-00060-SLG    Document 5    Filed 07/16/25    Page 2 of 8

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[12] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[13]

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the screening court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Moreover, even if a compliant meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense,

---

*Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

[12] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[13] 28 U.S.C. § 1915(e)(2)(B).

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Case No. 3:25-cv-00060-SLG, *Braswell v. Lothrop, et al.*
Order of Dismissal Upon Screening
Page 3 of 8
    Case 3:25-cv-00060-SLG    Document 5    Filed 07/16/25    Page 3 of 8

such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[16]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[17] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[18]

## DISCUSSION

Upon review, Plaintiff's Complaint fails to state a plausible claim for relief against any of the named Defendants. Plaintiff names four individuals in their official capacities as Defendants: (1) the unnamed BOP employee who allegedly removed the money from Plaintiff's trust account approximately 16 years ago; (2) the FCI Edgefield Warden in 2024, identified as Janson; (3) Harley G. Lappin, the BOP Director at the time of the alleged events giving rise to Plaintiff's claims; and (4) William Lothrop, the BOP Director at the time this case was filed.[19]

Plaintiff cannot pursue his claims against Defendants in their official capacities as pleaded.[20] Because Plaintiff seeks monetary damages, the Court

---

[16] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

[17] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[18] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[19] Docket 1 at 2-3.

[20] Claims against defendants in their official capacity are essentially against the entity they

Case No. 3:25-cv-00060-SLG, *Braswell v. Lothrop, et al.*
Order of Dismissal Upon Screening
Page 4 of 8
Case 3:25-cv-00060-SLG     Document 5     Filed 07/16/25     Page 4 of 8

construes his claims as claims against Defendants in their individual capacities.[21] However, Plaintiff's claims must be dismissed because he has not established that this Court has personal jurisdiction over any Defendant; he fails to state a plausible claim against three of the named Defendants; and his claims are clearly time-barred by the applicable statute of limitations.

### A. Lack of Personal Jurisdiction

When a plaintiff names out-of-state defendants, a federal court must consider whether it has personal jurisdiction over those defendants. A plaintiff must show that a court has personal jurisdiction over each out-of-state defendant.[22] "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."[23] Alaska law authorizes courts within the state to exercise personal jurisdiction to the fullest extent permitted by federal due process.[24] "Due process requires that [a] defendant 'have certain minimum

---

represent, i.e., the Federal Bureau of Prisons, and such claims—whether against federal detention facilities, federal agencies, or federal agents in an official capacity—are barred by sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued..."). *See also Gillespie v. Civiletti,* 629 F.2d 637 (1980) (*Bivens* applies only to individual federal officers).

[21] *Cf. Eaglesmith v. Ward,* 73 F.3d 857, 859–60 (9th Cir. 1995) ("The Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities… The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.").

[22] *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015).

[23] *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014).

[24] *Alaska Telecom, Inc. v. Schafer,* 888 P.2d 1296, 1299 (Alaska 1995).

Case No. 3:25-cv-00060-SLG, *Braswell v. Lothrop, et al.*
Order of Dismissal Upon Screening
Page 5 of 8
Case 3:25-cv-00060-SLG    Document 5    Filed 07/16/25    Page 5 of 8

contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[25]

Here, none of named Defendants reside in Alaska; nor did the alleged conversion of Plaintiff's trust funds occur in Alaska. Therefore, Plaintiff has not alleged any facts to establish that this Court has personal jurisdiction over any of the named Defendants.

### B. Failure to State a Claim for Relief Against Three of the Defendants

A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of the defendant.[26] Here, Plaintiff's claim is the alleged loss of $250,000 from his inmate trust account in 2008 or 2009. The Complaint fails to allege that the current director of the Bureau of Prisons, the director of the Bureau of Prisons from 2003 through 2011, or the warden at FCI Edgefield in 2024 each personally engaged in any conduct that caused Plaintiff to allegedly lose those funds. Therefore, the Complaint fails to state a plausible claim against any of these Defendants.

Plaintiff alleges a *Bivens* claim with respect to the alleged loss of his funds, asserting that his Due Process rights under the Fifth Amendment were violated.

---

[25] *Picot*, 780 F.3d at 1211 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).
[26] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

The alleged theft of Plaintiff's funds by the unnamed BOP employee is not a constitutional violation; it may, however, constitute the tort of conversion.[27]

### C. The Case is Untimely as to the Remaining Defendant

A statute of limitations is a law that limits the time a plaintiff has to file a case based on the date when the claim(s) accrued.[28] In Alaska, the statute of limitations for tort claims is two years.[29] "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[30] They also "ensure that claims are filed before essential evidence disappears."[31] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[32] A time-barred claim may be dismissed at the screening stage when the expiration of the applicable statute of limitations "is apparent on the face of the complaint."[33] Here, the statute of limitations has clearly run as the alleged

---

[27] *See, e.g., Silvers v. Silvers,* 999 P.2d 789, 793 (Alaska 2000).

[28] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("'[A]ccrual occurs when the plaintiff has a complete and present cause of action, ... that is, when the plaintiff can file suit and obtain relief.'").

[29] Alaska Stat. § 09.10.070.

[30] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[31] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[32] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[33] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011).

conversion of funds took place approximately 16 years ago. Further, it is apparent here from the face of the complaint that Plaintiff could not prevail, as a matter of law, on any argument that the statute of limitations should be equitably tolled, because he alleges that on May 6, 2009, the United States District Court for the Eastern District of California ordered the $250,000 to be returned to Mr. Braswell's trust funds account, indicating Plaintiff was aware then of the alleged loss of funds and was allegedly able to obtain legal relief at that time. Therefore, it is clear from the face of the Complaint that Plaintiff's claims are time-barred by the statute of limitations.

### D. Conclusion

Plaintiff's claims are time-barred by the statute of limitations. Even setting aside the untimeliness, Plaintiff's claims also fail on jurisdictional and substantive grounds. No additional facts could be pleaded to cure these deficiencies. Therefore, the action must be dismissed as for failure to state a claim.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk shall issue a final judgment and close this case.

DATED this 16th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE